# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15–0007V
### Filed: August 4, 2017
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
DEBORAH VALLES,                  *
                                 *
             Petitioner,         *
                                 *
v.                               *        Attorneys' Fees and Costs;
                                 *        Special Processing Unit ("SPU")
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka, Attorney at Law, Englewood, NJ, for petitioner.*
*Christine M. Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On January 5, 2015, Deborah Valles ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, (the "Vaccine Act").[2]  The petition alleged that as a result of a Measles, Mumps, Rubella (MMR) vaccination administered on August 8, 2012, petitioner suffered "arthralgia, myalgia, myositis, muscle weakness, bilateral bursitis in both knees, numbness and tingling, and pain."  Pet. at 1.  The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On February 2, 2017, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $20,000.00.  Decision, filed Feb. 2, 2017 (ECF No. 48).  On March 28, 2017, petitioner filed an application for attorneys' fees and costs, along

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with two exhibits in support thereof.  Pet'r's Appl. for Att'ys' Fees and Costs ("Application"), filed Mar. 28, 2017 (ECF No. 51).

Petitioner requests $23,096.09 in attorneys' fees and $3,183.61 in costs, for a total award of $26,279.70.[3]  *Id.* at 1, 15-16; Ex. A (ECF No. 51-1); Ex. B (ECF No. 51-2).

For the reasons stated below, the undersigned finds certain reductions are necessary, and awards petitioner a total of $23,970.09 in attorneys' fees and costs.

## I.      Relevant Procedural History

Petitioner requests $23,096.09 in attorneys' fees (including fees for two associate attorneys and five paralegals) and $3,183.61 in costs.  The Application provides time and expense sheets, in addition to a supporting statement ("Certification") from petitioner's counsel providing background information on himself and some members of his staff who worked on the case.  Application at 3-7; Exs. A and B.

Respondent filed a response to petitioner's application on April 14, 2017.  Respondent's Response ("Resp't's Resp."), filed Apr. 14, 2017 (ECF No. 52).  Respondent did not object to the overall amount sought, but noted that his lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.* at 1.

Petitioner filed a reply on April 14, 2017, requesting this Court "grant her motion for the aforementioned fees and costs."  Petitioner's Reply ("Pet'r's Reply"), filed Apr. 14, 2017 (ECF No. 53) at 1.

## II.     Discussion

Pursuant to the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation, and she is entitled to reasonable attorneys' fees and costs.[4]

### a.  Reasonable Attorneys' Fees

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, a court makes "an initial estimate

---

[3] Petitioner requested $26,279.69 in fees and costs.  Application at 1; Ex. A at 16.  However, $23,096.09 (requested total fees) + $3,183.61 (requested total costs) = $26,279.70.

[4] Additionally, § 300aa-15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa-11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings."  *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008).  The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  It is the petitioner who bears the burden of adequately documenting the fees and costs.  *Rodriguez*, 2009 WL 2568468 at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges").  Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted).  In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved."  *Savin*, 85 Fed. Cl. at 315.  It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | |
| Mark Sadaka | 337.05 | 337.05 | 350 | 350 | 362.95 | 376.38 |
| Anna Sweeney | 192.60 | 200 | 200 | 207.40 | 215.07 | 223.03 |
| Andrew Pinon | | | 200 | 207.40 | 215.07 | 223.03 |
| **Paralegals** | | | | | | |
| Ailona Parker | | 130.01 | 135 | 135 | 140 | 145.17 |
| Bria Wilson | | 130.01 | 135 | 135 | 140 | 145.17 |
| Keri Congiusti | 130.01 | 130.01 | 135 | 135 | 140 | 145.17 |
| Latashia Vauss | | 130.01 | 135 | 135 | 140 | 145.17 |
| Melina Fotiou | | 130.01 | 135 | 135 | 140 | 145.17 |

Petitioner's application includes requested rates for years in which certain staff members did not bill time in this case.[5]  Application at 1-2.  The undersigned will only address requested rates for staff members in the years in which they billed time.

The rates requested for Mr. Sadaka and Mr. Pinon have been evaluated and awarded to them in other Vaccine Act cases.  *See, e.g.*, *Siciliano v. Sec'y of Health & Human Servs.*, No. 15–253V, 2017 WL 1174449 at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2017); *Jones v. Sec'y of Health & Human Servs.*, No. 12–875V, 2017 WL 2061471 at *3 (Fed. Cl. Spec. Mstr. Apr. 18, 2017).  The undersigned finds these rates reasonable and awards them herein.

After consideration, the undersigned finds it necessary to adjust the rate requested for Ms. Sweeney in 2012.  The 2012 rate for Ms. Sweeney is reduced from $192.60 to $185.47.  Ms. Sweeney was admitted to practice in New Jersey in 2012.  Application at 6.  The undersigned finds this reduced rate appropriate based on Ms. Sweeney's experience in 2012, and this rate is consistent with that awarded to her in *Jones* for 2012.  *See Jones*, 2017 WL 2061471 at *3.

Petitioner requests reimbursement for time billed by five paralegals.[6]  Petitioner's requested rates for three of the paralegals have previously been awarded.[7]  The undersigned finds these rates reasonable, and awards them herein.  However, the rate requested for Ms. Congiusti in 2012 is too high, and is adjusted to align with the rate awarded to her in *Jones*.[8]  Additionally, the rate requested for Ms. Parker and in 2016 and 2017 is too high based on her experience, and the undersigned adjusts it to align with the rate awarded to her in *Jones*, *Siciliano*, and *Willett*.[9]

---

[5] For example, petitioner requests hourly rates for Ailona Parker from 2013-2017.  Application at 1.  However, Ms. Parker only billed time in 2016 and 2017.  Ex. A at 1-15.

[6] Petitioner requests reimbursement for time billed by Ailona Parker, Bria Wilson, Keri Congiusti, Latashia Vauss, and Melina Fotiou.

[7] These paralegals are Bria Wilson, Latashia Vauss, and Melina Fotiou.  *Siciliano*, 2017 WL 1174449 at *2; *see Willett v. Sec'y of Health & Human Servs.*, No 15–252V, 2017 WL 3298983 at *3 (Fed. Cl. Spec. Mstr. June 2, 2017).

[8] The rate for Keri Congiusti is reduced from $130.01 to $125.19 for 2012.  *See Jones*, 2017 WL 2061471 at *3.

[9] The rate requested for Ailona Parker is reduced from $140 to $135 for 2016.  *See Jones*, 2017 WL 2061471 at *3 (Special Master Roth awarded $134.81, but the undersigned rounds to the nearest dollar); *Siciliano*, 2017 WL 1174449 at *2-3 (Special Master Gowen awarded $134.81, but the undersigned rounds to the nearest dollar); *Willett*, 2017 WL 3298983 at *3 n. 6 (awarding Ms. Parker $135 per hour for time billed in 2016).  The undersigned finds a rate of $140 per hour for 2017 to be reasonable based on these adjusted rates and Ms. Parker's experience.

Accordingly, the undersigned awards the following hourly rates:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Attorneys** |  |  |  |  |  |  |
| Mark Sadaka | 337.05 | 337.05 | 350 | 350 | 362.95 | 376.38 |
| Anna Sweeney | 185.47 |  | 200 | 207.40 |  |  |
| Andrew Pinon |  |  |  |  | 215.07 |  |
| **Paralegals** |  |  |  |  |  |  |
| Ailona Parker |  |  |  |  | 135 | 140 |
| Bria Wilson |  |  |  | 135 | 140 |  |
| Keri Congiusti | 125.19 | 130.01 | 135 | 135 | 140 |  |
| Latashia Vauss |  |  |  |  | 140 |  |
| Melina Fotiou |  |  |  |  | 140 | 145.17 |

## ii. Reduction of Billable Hours

## 1. Excessive and Duplicative Billing

The undersigned has previously found it appropriate to reduce fees that are excessive or duplicative. *J.W. v. Sec'y of Health & Human Servs.*, No. 15-551V, 2017 WL 877278 at *6 (Fed. Cl. Spec. Mstr. Feb. 10, 2017) (reducing attorneys' and law students' overall fees by 20 percent due to excessive and duplicative billing); *Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277 at *7 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (reducing attorneys' fees and law students' fees by 20 percent due to excessive and duplicative billing).  As many of petitioner's billing entries are excessive and one is duplicative, the undersigned finds cause to reduce the fee request.

Most significantly, petitioner's billing records contain over 80 entries amounting to nearly 38 hours and approximately $5,470.53 in requested fees for time spent requesting, receiving, and reviewing medical records, and communicating with and researching medical providers.[10]  The undersigned finds this to be a strikingly excessive amount of time spent managing the approximately 160 pages of medical records filed in this case.  The undersigned finds cause to reduce petitioner's fee award for these entries.

Petitioner's billing records also contain a duplicative entry.  On September 27, 2016, Mr. Sadaka billed 0.7 hours for, *inter alia*, "plan and prepare for status

---

[10] Based on the undersigned's review and calculations,  Keri Congiusti billed approximately 28.8 hours related to medical records (*e.g.*, "Communicate with medical provider re: record request; draft notes to file"; "Receipt/review of medical record; update file"; "Review/analyze medical records"); Anna Sweeney billed approximately 4.7 hours (*e.g.*, "Review/analyze client provided medical records; update SOL memo and chronology"; "Review/analyze medical records"; "Communicate with client re medical records; draft notes to file. Review/analyze client provided medical records"); Bria Wilson billed approximately 3.9 hours (*e.g.*, "Communicate with medical provider re: record request; draft notes to file"; "Draft/revise medical record request; prepare authorization"; "Research medical provider"); Ailona Parker billed approximately 0.2 hours (*e.g.*, "Draft/revise correspondence to medical provider re: medical record payment); and Latashia Vauss billed approximately 0.1 hours (*e.g.*, "Receipt/review correspondence from medical provider re: invoice; update file").  This totals approximately $5,470.53.

conference; appear for/attend status conference." Ex. A at 13.  Mr. Sadaka billed an additional 0.9 hours on September 27, 2016 for "[p]lan/prepare for status conference. Appear for/attend status conference; draft/revise notes to file." Ex. A at 14.   Because petitioner may not submit duplicative charges, the undersigned finds cause to reduce petitioner's 0.7 hour entry for $254.07.

## 2.  Administrative Time

The Vaccine Program does not permit billing for clerical, administrative, or secretarial work.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (finding that services of a secretarial or clerical nature "should be considered as normal overhead office costs included within the attorneys' fee rates"); *J.W.*, 2017 WL 877278 at *3 ("It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program").

Petitioner's counsel billed approximately 1.3 paralegal hours for mailing.[11]  These entries, which the undersigned characterizes as administrative work, do not constitute billable time.  *Guerrero v. Sec'y of Health & Human Servs.*, 124 Fed. Cl. 153, 156 (2015) (noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them") (internal quotations and citations omitted). The undersigned therefore reduces the fee request.

## 3.  Vague Entries

As noted above, a petitioner's application for fees and costs must sufficiently detail the time billed so as to enable the special master to determine the reasonableness of the amount requested.  *Bell*, 18 Cl. Ct. at 760; *Rodriguez*, 2009 WL 2568468 at *8.  The undersigned has previously found it reasonable to reduce attorneys' fees for vagueness, and finds it necessary to do so herein.  *Estate of Bondi*, 2017 WL 1046526 at *3 (reducing a fee award for vagueness when petitioner's billing entries "did not include sufficient detail about what tasks were being performed and why"); *Davis*, 2017 WL 877277 at *4 (reducing petitioner's fee award for vagueness).

The undersigned finds numerous vague billing entries made in this case. Petitioner billed approximately 6.4 hours of attorney and paralegal time over 20 separate entries to perform case review (occasionally referred to as "Review/analyze case file") and draft/revise directives.  These activities alone result in over $2,100.00 in fees.   Ex. A at 1-15.  Counsel's vague descriptions do not provide the undersigned sufficient means to effectively evaluate the reasonableness of the time spent and work performed, and the undersigned thus finds cause to reduce petitioner's fee award.

For all the reasons stated above, the undersigned reduces petitioner's entire fee award by 10 percent.  *See Estate of Bondi*, 2017 WL 1046526 at *4 (reducing petitioner's fee award by 10 percent); *Raymo v. Sec'y of Health & Human Servs.*, No.

---

[11] Keri Congiusti billed 0.3 hours for "Plan/prepare mailing to client re: petition" and 0.2 hours for "Plan/prepare mailing to client re: filed affidavit." Bria Wilson billed 0.7 hours for, *inter alia*, "Plan/prepare mailing of damages form to client." Melina Fotiou billed 0.1 hours for "plan/prepare mailing of stipulation."

11–654V, 2016 WL 7212323 at *18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing petitioner's fee award by 20 percent); *Nelson*, 2015 WL 9302973 at *2 ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges"). **This adjustment reduces petitioner's fee award by $2,309.61.**

### b.  Costs

Petitioner requests reimbursement for attorney costs in the amount of $3,183.61. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## III.   Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---|
| Requested attorneys' fees: | $23,096.09 |
| Reductions | - 2,309.61 |
| **Adjusted Fees Total:** | **$20,786.48** |

| | |
|---|---|
| Requested attorneys' costs: | $3,183.61 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $3,183.61** |
| **Total Attorneys' Fees and Costs Awarded:** | **$23,970.09** |

**Accordingly, the undersigned awards a total of $23,970.09,[12] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Mark T. Sadaka.**

The clerk of the court is directed to enter judgment in accordance with this decision.[13]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**

---

[12] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

Nora Beth Dorsey
Chief Special Master